IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01865-WDM-MEH

ANDY ANDERSON,

Plaintiff,

v.

A.G. EDWARDS & SONS, INC.
A Delaware Corporation,

Defendant.

## STIPULATED PROTECTIVE ORDER

Upon consideration of the Motion for Entry of Stipulated Protective Order concerning certain confidential information disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, it is

ORDERED as follows:

1.    A party may designate as "CONFIDENTIAL" any discovery response (*e.g.*, document, interrogatory response, or deposition testimony), motion, or brief (or any portion thereof) containing confidential information if the party in good faith contends that the response, motion, or brief contains confidential business matters, private employee matters, or material that is otherwise private or confidential, including, but not limited to:

a.    Information relating to employees of A.G. Edwards & Sons, Inc. (the "Defendant");

#1142476 v1

b.   Information relating to salary, benefits, other compensation, and all other confidential information maintained in personnel and benefits files or communicated to former and current employees of the Defendant;

c.   Information concerning proprietary matters, including but not limited to, the Defendant's business plans, customer accounts, customer names, financial data and strategic initiatives; and

d.   Information relating to Andy Anderson's (the "Plaintiff") personal matters, including personal finances, relationships, medical conditions, and Plaintiff's clients' names.

2.   The designation of a document as "CONFIDENTIAL" may be made only by a party, an attorney or paralegal with training in what constitutes confidential information.

3.   Where appropriate, discovery responses, motions, or briefs (or portions thereof) shall be clearly designated as "CONFIDENTIAL" and shall be filed under seal with the Court. Discovery responses, motions, or briefs (or portions thereof) designated as "CONFIDENTIAL" shall be kept in the custody of counsel of record for the party receiving the information, and shall not be used except for purposes of this case. Counsel of record shall keep such confidential information separate from all materials in this case not designated as "CONFIDENTIAL" and shall be inaccessible to all persons except counsel of record; paralegals, consultants, or other agents acting under the direct supervision of counsel of record, solely for the purposes of assisting counsel of record with respect to this case; or any witness endorsed by any party or any person whom counsel in good faith considers to be a potential witness, but only insofar as is necessary

2

relative to matters pertaining to the testimony or anticipated testimony of such witness or potential witness.

4.    Except pursuant to Court order, no party receiving any discovery response, motion, or brief (or portions thereof) designated "CONFIDENTIAL," or any of their attorneys, consultants, witnesses or agents, shall reveal, display or disclose any such discovery response, motion, or brief (or portions thereof) except, solely for the purposes of this case, to the parties; to counsel of record; to the paralegals, consultants, or other agents under the direct supervision of counsel of record, solely for the purpose of assisting counsel of record in this case; to any witnesses endorsed by any party or any person whom counsel in good faith considers to be a potential witness, but only insofar as is necessary relative to matters pertaining to the testimony or anticipated testimony of such witness or potential witness; or at the trial, or at any appeal or other court proceeding in this case.

5.    The parties agree not to oppose any motion to seal discovery responses, motions, or briefs (or portions thereof) filed in accordance with paragraph 3 above.

6.    In disclosing the discovery responses, motions, or briefs (or portions thereof) designated "CONFIDENTIAL," as permitted by paragraphs 3 and 4 above, counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order and provide such person with a copy of this Protective Order.

7.    All confidential discovery responses, motions, or briefs (or portions thereof) and all reproductions thereof shall be kept in the custody of the counsel to whom the discovery response, motion, or brief (or portion thereof) is produced.

8.   Following final resolution of this action, all confidential discovery responses, motions, or briefs (or portions thereof) and reproductions thereof shall be returned to counsel for the party who produced the confidential discovery response, motion, or brief (or portions thereof), or destroyed, at the option of the counsel for the party who produced the confidential discovery response, motion, or brief (or portions thereof).

9.   Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any other party's motion or request to modify this Protective Order.

10.   If a party objects to a designation of confidentiality, the Court will decide the issue based on the law, and the confidentiality order will have no presumptive effect.

DONE this __1st__ day of __March__, 2006.

BY THE COURT:

_Michael E. Hegarty_
United States Magistrate Judge

**APPROVED:**

_L. Sahli_
Mary Ewing, # 6801
Lisa Sahli, #23383
Ewing & Ewing, P.C.
3601 S. Pennsylvania St.
Englewood CO 80113
Telephone: (303) 761-1400
Facsimile: (303) 761-8100

_L. D. Will_
Mary Hurley Stuart, # 10947
Levi D. Williamson, #35063
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Telephone: (303) 861-7000
Facsimile: (303) 861-2000
**D.C. Box 7**

Attorneys for Defendant A.G. Edwards & Sons, Inc.

_____
Gregory B. Washington
Godfrey & Lapuyade, P.C.
9557 S. Kingston Court
Englewood, CO 80112
Telephone:  (303) 228-0700
Facsmile:    (303) 228-0701

Attorneys for Plaintiff Andy Anderson

#1142476 v1